# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| CLINTON JONES, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 1:08-CV-292-TS |
| | ) | |
| STATE OF INDIANA, GRANT COUNTY, | ) | |
| GRANT COUNTY PROSECUTOR'S | ) | |
| OFFICE, and ATTORNEY DAVID PAYNE, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

The *pro se* Plaintiff, Clinton Jones, has sued the State of Indiana, Grant County, the

Grant County Prosecutor's Office, and Attorney David Payne for violations of his federal rights.

The Plaintiff's Complaint relays events and circumstances surrounding his arrest and conviction

for burglary. The Plaintiff challenges various aspects of his criminal proceedings, including the

timing of his arraignment, the elevation of his charge from a Class C felony to a Class B felony,

and the plea bargain process, and he ultimately alleges that his conviction was the result of a

conspiracy involving all of the Defendants. Defendant Grant County Commissioners (which is

the legal entity that is actually sued when a plaintiff names Grant County as a defendant) has

moved to dismiss [DE 14] the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure

12(b)(6). Alternatively, the Defendant seeks dismissal on the ground that the Complaint implies

the invalidity of his conviction and is therefore subject to dismissal under the rule of *Heck v.*

*Humphrey*, 512 U.S. 477 (1994). Also before the Court are the Plaintiff's memorandum in

response to the Defendant's Motion [DE 31], filed on May 29, 2009, as Plaintiff's Declaration

Motion to Not Dismiss Case, and the Defendant's Reply [DE 32], filed on June 2.

**STANDARD OF REVIEW**

The Plaintiff has sued the Defendants for violations of his federal constitutional rights

pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must

allege that some person has deprived him of a federal right, and that the person who has deprived

him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The

Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was

drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, —, 127 S. Ct. 2197, 2200

(2007) (per curiam).

The Supreme Court has articulated the factual allegations that are required to survive

dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
> "entitlement to relief" requires more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do. Factual allegations
> must be enough to raise a right to relief above the speculative level, on the
> assumption that all the allegations in the complaint are true (even if doubtful in
> fact).

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations,

and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is

plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S.

at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences

in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause

of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**DISCUSSION**

Although the Plaintiff's Complaint tends toward the obscure, the Court concludes that the heart of his claim is that he was coerced into entering a guilty plea. As part of his recovery in this lawsuit, the Plaintiff seeks "relief from this forced plea judgment given by Court of Grant County." (Compl. 7.) Under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine his conviction. Because a successful outcome to the Plaintiff's suit would necessarily imply that his guilty plea was coerced and thus invalid, *Heck* prevents him from bringing his civil rights

action until his underlying criminal conviction has been reversed, vacated, or otherwise invalidated. *Id.* at 487; *see also Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008) (stating that a § 1983 claim for a due process violation based on the denial of a fair criminal trial may be brought only after the conviction is set aside because the civil claim would otherwise impermissibly imply the invalidity of the outstanding conviction in violation of *Heck*).

Even if the Plaintiff's claims were to have accrued, such that it is proper to bring them at this time, he has failed to set forth facts that would allow the court to "draw the reasonable inference that the [D]efendant is liable for the misconduct alleged." *See Ashcroft*, 129 at 1949 (citing *Twombly*, 550 U.S. at 556). The Plaintiff expresses the basis of his claim against the County as follows: "Wherefore Plaintiff wishes the Court to know these [Defendants] consist of all those in charge of the Marion Indiana, Grant County Commissioner and those whom work along beside him/her in running the County. They are responsible for those they place in charge." (Compl. 6.)  The Plaintiff seems to believe that a person designated as the County Commissioner is responsible for any wrongdoing by the officials who were involved in his criminal case because this County Commissioner supervised, or put in place, those other officials. In his response opposing dismissal, the Plaintiff argues that the County lists on "the internet" all the departments that "fall under their hands" (DE 31 at 1), including the prosecutor's office, and that this same website states that the Commissioners are charged with executing acts that are legislated by the council and managing the day-to-day functions of the County government.[1] He argues that this day-to-day management includes the courts.

The Plaintiff has not alleged that the members of the Board of County Commissioners

---

[1] The Court notes that the Internet address for Grant County is http://grantcounty.net.

were personally involved in his criminal case. Rather, the Plaintiff is attempting to hold Board of Commissioners responsible as supervisors of the courts and the prosecutor's office. Even if the Board of County Commissioners could be characterized as supervisors of these separate entities, "[s]ection 1983 does not establish a system of vicarious responsibility." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (holding that a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents"). Personal involvement is an element of every claim under 42 U.S.C. § 1983. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001).

A government entity can be held liable under § 1983 for its own acts, as opposed to those of its employees, as long as they are the moving force behind the constitutional violation. *Estate of Sims ex rel Sims v. County of Bureau*, 506 F.3d 509, 514–15 (7th Cir. 2007). A government entity acts through its official policy or custom, which can be demonstrated by the following:

> (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.

*Id.* at 515.

The Complaint contains no factual allegations from which it can be inferred that a policy or custom of Grant County caused the alleged constitutional violations. Rather, the focus of the Complaint is the wrongs that the Plaintiff believes were committed during his criminal case by the officials who were directly involved in his case and sought to secure his conviction. Although it is conceivable that some government policy or wide-spread practice was at work, it is not plausible on the basis of the Plaintiff's pleading. And pleading facts that are merely consistent with a particular defendant's liability falls short of the plausibility required to set forth

a claim. *Aschcroft*, 129 S. Ct. at 1949 (holding that a "sheer possibility that the defendant has acted unlawfully" does not meet the federal pleading requirements). Accordingly, the Complaint fails to set forth a claim against the Grant County Commissioners for the constitutional violations the Plaintiff alleges were committed in connection with his criminal case.

The Plaintiff also implicates the County in his assertion of a "conspiracy" between all of the Defendants. However, his claim for conspiracy is not supported by a single non-conclusory statement. The Plaintiff does not allege any facts to infer that the County (acting through the Commissioners) entered into an agreement with any of the other Defendants for the accomplishment of some illegal end. *See Scherer v. Balkema*, 840 F 2. 2d 437, 442 (7th Cir. 1988) (stating that a conspiracy exists if there is "(1) an express or implied agreement among defendants to deprive plaintiff of his . . . constitutional rights and (2) actual deprivations of those rights in the form of overt acts in furtherance of the agreement"). Without such facts, the Complaint neither states a claim for conspiracy that is plausible on its face, nor gives the Defendant notice of the grounds for relief. *See also Loubser v. Thacker*, 440 F.3d 439, 442–43 (7th Cir. 2006) (recognizing that, because conspiracies have a degree of vagueness that makes bare claims of their existence "wholly uninformative to the defendant," courts require plaintiffs to "allege the parties, the general purpose, and the approximate date of the conspiracy").


**CONCLUSION**

For the foregoing reasons, the Defendant Grant County Commissioner's Motion to Dismiss [DE 14] is GRANTED. The Plaintiff's "Motion" [DE 31], which was intended as a response to the Defendant's Motion to Dismiss, is TERMED as a pending motion. The Grant

County Commissioners are DISMISSED from this lawsuit. The remaining Defendants are the

State of Indiana, the Grant County Prosecutor's Office, and Attorney David Payne.

SO ORDERED on June 10, 2009.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT