UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CLINTON JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:08-CV-292-TS |
| ) | |
| STATE OF INDIANA, GRANT COUNTY ) | |
| PROSECUTOR'S OFFICE, and ) | |
| ATTORNEY DAVID PAYNE, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

The *pro se* Plaintiff, Clinton Jones, has sued the State of Indiana, Grant County (previously dismissed by Order, DE 34), the Grant County Prosecutor's Office, and Attorney David Payne for violations of his federal Constitutional rights. The Plaintiff's Complaint relays events and circumstances surrounding his arrest and conviction for burglary. In his Complaint, he challenges various aspects of his criminal case, including the timing of his arraignment, the elevation of his charge from a Class C felony to a Class B felony, and the plea bargain process, and ultimately alleging that his conviction was the result of a conspiracy involving all of the Defendants.

This matter is before the Court on the Motion to Dismiss [DE 21], filed on April 16, 2009, by the State of Indiana and the Grant County Prosecutor's Office. These Defendants move for dismissal of the claims against them on grounds that the Complaint fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Specifically, they argue that the Plaintiff's claims are barred because neither the State of Indiana, the Grant County's Prosecutor's Office, nor any deputy prosecutor sued in his or her official capacity is a "person"

within the meaning of 42 U.S.C. § 1983. The Defendants assert that if the Plaintiff intended to sue the deputy prosecutor in his individual capacity, he would be entitled to prosecutorial immunity.

The Defendants' Motion contains a notice to the Plaintiff in accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). Despite being granted an extension of time [DE 33] to respond to the Motion to Dismiss, the Plaintiff has not filed a response or otherwise opposed the Motion.

## STANDARD OF REVIEW

The Plaintiff has sued the Defendants for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court will review the *pro se* Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89, —, 127 S. Ct. 2197, 2200 (2007) (per curiam).

The Supreme Court has articulated the factual allegations that are required to survive dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

2

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations, and footnote omitted). A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

The Court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor. However, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft*, 129 S. Ct. at 1949. Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from conceivable to plausible, they are insufficient to state a claim. *Id.* at 1950–51. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* at 1950.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A plaintiff "pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

## DISCUSSION

The Plaintiff seeks damages from the State of Indiana and the Grant County Prosecutor's Office for alleged violations of his constitutional rights committed during proceedings related to his criminal conviction in Grant County. The Plaintiff also seeks relief from the guilty plea that he entered.

The Plaintiff's claim for damages against these Defendants is not cognizable. As stated above, to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The definition of a "person" for purposes of § 1983 does not include states or their agencies. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989) (holding that states are not "persons" liable for damages under § 1983). Therefore, § 1983 does not disturb a state's Eleventh Amendment immunity, *id.*, which precludes a citizen from suing a state or a state agency, including state officials in their official capacities, in federal court without the state's consent or congressional abrogation, *see Peirick v. Indiana University-Purdue University Indianapolis Athletic Department*, 510 F.3d 681, 695 (7th Cir. 2007). This prohibition extends to the Grant County Prosecutor's Office and any deputy prosecutor in his official capacity. *See Study v. United States*, 782 F. Supp. 1293, 1297 (S.D. Ind. 1991) (finding that deputy prosecuting attorneys in Indiana county argued persuasively that their position "is one of state office, even though employed by a specific office"); *see also Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases.").

To the extent the Plaintiff seeks equitable relief in the form of "relief from this forced

plea judgment given by Court of Grant County" (Compl. 7), his claim is a barred by the rule announced by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Under *Heck*, a prisoner may not bring a civil rights suit when a favorable outcome of the suit would necessarily undermine his conviction unless that underlying criminal conviction has been reversed, vacated, or otherwise invalidated. 512 U.S. at 487. Because a successful outcome to the Plaintiff's suit would necessarily imply that his guilty plea was coerced and his conviction thus invalid, *Heck* prevents him from bringing such a claim in this civil rights action.

Although the Plaintiff does not name Deputy Prosecutor Rodney Faulk as a Defendant in the caption of his Complaint, he does make allegations against him in the body of his Complaint. Accordingly, the Defendants argue for dismissal of any claims against Deputy Prosecutor Faulk in his individual capacity on grounds that he is entitled to prosecutorial immunity. (Defs.' Mem. 4.)

To free the judicial process from harassment and intimidation associated with frivolous litigation, the Supreme Court has held that prosecutors are immune from acts or omissions associated with the judicial process, in particular, those taken "in initiating a prosecution and in presenting the State's case." *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). The degree of immunity prosecutors are afforded depends on their activity in a particular case. If a prosecutor's function is judicial or quasi-judicial, he is entitled to absolute immunity from suit, but if his function was administrative or investigatory, he is only entitled to qualified immunity. *See, e.g., Spiegel v. Rabinovitz,* 121 F.3d 251, 257–58 (7th Cir. 1997). Like other forms of official immunity, prosecutorial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Allegations of malice or bad faith are

not sufficient to overcome the immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The Complaint specifically attacks prosecutorial conduct during the judicial process, that is, during the initiation and prosecution of the State's case against the Plaintiff. The Plaintiff's claim of a conspiracy to ensure his conviction also speaks to the prosecutor's official duties and is barred. When absolute immunity applies to an act, it also applies to any conspiracy to commit that same act. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (holding that a witness cannot be held liable under § 1983 for conspiring to commit an act for which he is protected from § 1983 liability by absolute witness immunity). Therefore, any claims the Plaintiff intended to assert against Deputy Prosecutor Rodney Faulk in his individual capacity must also be dismissed.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss [DE 21] is GRANTED. Defendant David Payne is the only remaining Defendant in this cause.

SO ORDERED on July 16, 2009.

                                         s/ Theresa L. Springmann
                                         THERESA L. SPRINGMANN
                                         UNITED STATES DISTRICT COURT