# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| CLINTON JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:08-CV-292-TS |
| ) | |
| ATTORNEY DAVID PAYNE, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

The *pro se* Plaintiff, Clinton Jones, has sued the State of Indiana (previously dismissed by Order, DE 35), Grant County (previously dismissed by Order, DE 34), the Grant County Prosecutor's Office (previously dismissed by Order, DE 35), and Attorney David Payne for violations of his federal Constitutional rights. As to Defendant Payne, the Plaintiff's Complaint challenges various aspects of his criminal case, including the timing of his arraignment and the plea bargain process, and ultimately alleges that his conviction and suspended sentence were the result of incompetence on the Defendant's behalf.

This matter is now before the Court on the Motion for Summary Judgment [DE 41], filed on October 15, 2009, by Defendant David Payne. The Defendant moves for summary judgment on any claims against him because he was not acting under the color of state law for the purpose of any claim brought against him pursuant to 42 U.S.C. § 1983, and because the Plaintiff has not made out a *prima facie* case under the Indiana state legal malpractice standard.

The Defendants' Motion contains a notice to the Plaintiff in accordance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982) and *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992). Despite having received this notice the Plaintiff has not filed a response or otherwise opposed

the Motion. Also before the court is the Defendant's Motion for Entry of Judgment [DE 43], wherein the Defendant contends that he is entitled to judgment as a matter of law because the Plaintiff has not opposed his motion for summary judgment. However, the Court must still determine whether the Defendant is entitled to judgment as a matter of law.

### STANDARD OF REVIEW

The Federal Rules of Civil Procedure provide that motions for summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "'there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" *AA Sales & Assocs. v. Coni-Seal, Inc.*, 550 F.3d 605, 608–09 (7th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986)). Under Rule 56(e)(2), a party opposing a properly made and supported motion for summary judgment "may not rely merely on allegations or denials in its own pleading; rather its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial." If appropriate, summary judgment should be entered against a party who fails to so respond. Fed. R. Civ. P. 56(e)(2); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that a court should enter summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial"). A court's role on summary judgment is not to weigh the evidence, make credibility determinations, or decide which inferences to draw

from the facts, but instead to determine whether there is a genuine issue of triable fact. *Anderson,* 477 U.S. at 255; *Washington v. Haupert*, 481 F.3d 543, 550 (7th Cir. 2007); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Thus, a court in ruling on a summary judgment motion construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *AA Sales & Assocs.*, 550 F.3d at 609. However, the court is not required to draw every conceivable inference from the record—only reasonable ones. *Spring v. Sheboygan Area Sch. Dist.*, 865 F.2d 883, 886 (7th Cir. 1989). Under local rule, facts that are submitted by the moving party and supported by admissible evidence are considered to exist without controversy, except to the extent that such facts are controverted in a "Statement of Genuine Issues" filed in opposition to the motion. L.R. 56.1.

## DISCUSSION

Construing the Plaintiff's Complaint liberally, he alleges two causes of action against the Defendant. First, he alleges violations of his constitutional rights under 42 U.S.C. § 1983. Second he makes a state law claim for legal malpractice. This section will address each potential claim, respectively.

**A.     Section 1983 Claim**

The Plaintiff has sued the Defendant for violations of his federal constitutional rights pursuant to 42 U.S.C. § 1983. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who has deprived him of the right acted under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Section 1983 is inapplicable to the Plaintiff's claims against this Defendant. The Supreme Court has held that "a public defender does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *Polk County et al. v. Dobson*, 454 U.S. 312, 318 (1981). The facts alleged against the Defendant in the Plaintiff's complaint are that the Defendant failed to make sure the Plaintiff was arraigned on time, and exerted too much pressure on the Plaintiff to accept a plea agreement. The management of pre-trial hearings and plea agreements surely fall under the "traditional functions of counsel to a criminal defendant." Therefore, Payne was not acting under the color of state law and to the extent that the Complaint seeks to assert a § 1983 claim against the Defendant, the Court will grant summary judgment.

B.      **Legal Malpractice Claim**

Under Indiana law, the elements of legal malpractice are: (1) employment of an attorney, which creates a duty to the client; (2) failure of the attorney to exercise ordinary skill and knowledge (breach of the duty); and (3) that such negligence was the proximate cause of (4) damage to the plaintiff. *Rice v. Strunk*, 670 N.E.2d 1280, 1283–84 (Ind. 1996).

The most liberal reading of the Complaint only finds two of these four elements established. It is uncontested that the Defendant was the Plaintiff's court-appointed attorney, and thus owed him a duty of ordinary skill and knowledge. It also appears that the Plaintiff is alleging damages related to the suspended jail sentence that he received as a result of his plea of guilty while being advised by the Defendant. However, the uncontroverted facts do not establish a genuine issue of triable fact that the Defendant failed to exercise ordinary skill and knowledge. The Complaint merely alleges that the Plaintiff was not arraigned on time, and that he was talked

into accepting a plea agreement. Nowhere does the Plaintiff reference the Defendant' performance, or indicate that the Defendant acted in a way contrary to his exercise of ordinary skill or knowledge.

Moreover, even were this element established, the Plaintiff does not establish that any deficiency in the Defendant's performance led to the Plaintiff receiving a suspended sentence. The transcript of the plea hearing establishes, as a matter of law, that no act or omission on the Defendant's part, whether negligent or not, caused the Plaintiff to plead guilty to the theft charge. In response to the judge's questioning, the Defendant indicated that he understood that he could plead not guilty and be given the right to a jury trial, to cross-examine witnesses against him, and to have the state prove all charges against him beyond a reasonable doubt. (Transcript, p. 7–8, DE 41-4). The Plaintiff was read the factual basis for the charges against him, and was asked by the court, "Do you believe yourself to be guilty of the crime of theft?" The Plaintiff replied, "Yes sir." (Transcript, p. 10). The Plaintiff was told of the possible penalties for his guilty plea and indicated that he understood the potential consequences. (Transcript, p. 11–12). Finally, the Plaintiff was asked whether he was coerced into pleading guilty. When asked, "Has anyone forced you or threatened you, to cause you to plead guilty?" the Plaintiff replied, "No sir." When asked, "Do you feel your plea of guilty is your own free and voluntary act?" the Plaintiff replied, "Yes sir." (Transcript, p. 16). This sworn testimony indicates that whatever the Defendant's deficiencies in representation, the decision to plead guilty was made freely and intelligently by the Plaintiff, and it is that decision alone that cased the Plaintiff's alleged damages. Therefore there is no genuine issue of triable fact as to whether the Defendant can be liable for attorney malpractice and summary judgment will be granted on this point.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [DE 41] is GRANTED. The Motion for Judgment as a Matter of Law [DE 43] is DENIED as MOOT. There are no defendants remaining in this cause, and the Clerk is directed to enter judgment against the Plaintiff.

SO ORDERED on February 4, 2010.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT